FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RITO L.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:25-cv-03078-RLP <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability benefits under Title II of the Social Security Act. The Court considered the matter without oral argument.

---

[1] The Court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. *See* LCivR 5.2(c).

ORDER REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 1

    The parties agree the ALJ committed reversible error by failing to include Mr. L's use of a cane at Step Four. However, they dispute the applicable remedy. For the reasons set forth below, the Court finds that the case should be remanded to the ALJ for further proceedings in keeping with this opinion.

## BACKGROUND

    Mr. L. was 43 years old at the alleged onset date of April 13, 2022. The highest grade of education he has completed is the tenth grade. Mr. L. was employed from January 2003 through December 2007; from January 2008 to December 2017; from January 2020 to August 2020; and from September 2021 to April 2022.

    Mr. L. alleges that on April 12, 2022, he slipped on railroad tracks outside his former workplace and has been unable to work since. He filed an application for disability benefits under Title II of the Social Security Act, alleging onset on April 13, 2022. His claim was denied initially and upon reconsideration. He thereafter requested a hearing pursuant to 20 C.F.R. § 404.929, which was held via telephone conference on January 11, 2024. On April 29, 2024, the ALJ issued an unfavorable decision, Tr. 19-31, and the Appeals Council denied review. Tr. 1-6. The matter is now before the Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

    This Court's review of a final decision of the Commissioner of Social Security

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering

[his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520. At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Mr. L. had not engaged in substantial gainful activity since April 13, 2022, the alleged onset date. Tr. 21. At step two, the ALJ found Mr. L. has the following severe impairments: lumbar spine degenerative disc disease and degenerative joint disease. *Id*. At step three, the ALJ found Mr. L. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23. At step four, the ALJ found Mr. L. has the residual functioning capacity (RFC) to perform light work as

defined in 20 C.F.R. § 404.1567(b) except he can occasionally climb ladders, ropes, and scaffolds; occasionally crawl; have occasional exposure to vibration; and have occasional exposure to extreme cold. Tr. 24.

## DISCUSSION

Mr. L. contends the ALJ reversibly erred by omitting his medically necessary cane from the RFC finding and by improperly assessing his mental impairments at step two, his symptom testimony, and the medical opinions. The Commissioner concedes that the ALJ's decision "contained errors." ECF No. 15 at 2. However, the Commissioner acknowledges only one specific error: "the decision does not sufficiently consider Plaintiff's cane usage" and "did not appear to consider certain evidence related to Plaintiff's use of a cane." *Id.* at 2, 4. The other errors asserted by Mr. L. are not specifically addressed or defended by the Commissioner.

The Commissioner's failure to defend the ALJ's reasoning or respond to Mr. L.'s arguments regarding his mental impairments at step two, his symptom testimony, and the medical opinions waives any argument that the ALJ did not err in these analyses. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009); *Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing Defendant's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *see Pamela S. v. Bisignano*, 2025 WL 2399145, at *4

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

(E.D. Wash. Aug. 18, 2025) ("If a party fails to counter an argument that the opposing party makes, the Court may treat that argument as conceded."); *Jeffrey C. v. Kijakazi*, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) ("The Government's failure to defend Plaintiff's allegations of error, however, is a concession of those alleged errors."); *Johnny T. v. Berryhill*, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues").

Accordingly, the Court concludes the ALJ erred by: (1) failing to assess Mr. L.'s medically necessary cane; (2) improperly assessing Mr. L.'s mental impairment at step two; (3) improperly assessing Mr. L.'s symptom testimony; (4) improperly assessing the medical opinion evidence.

Thus, the only issue in dispute is whether the Court should remand for further proceedings or an award of benefits. *See* ECF No. 9 at 6 (arguing that remand for benefits is appropriate); ECF No. 15 at 2 (seeking remand for further proceedings); ECF No. 16 at 10 (opposing the Commissioner's request to remand for further proceedings). As explained below, the Court concludes that further proceedings are necessary in this case.

The Social Security Act permits the district court to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a

rehearing." 42 U.S.C. § 405(g); *see also Garrison*, 759 F.3d at 1019. When a district court reverses the decision of the Commissioner of Social Security, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir.2015) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Although a court should generally remand to the agency for additional investigation or explanation, the court also has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).

Under the credit-as-true rule, the Court may order an immediate award of benefits only if three conditions are met: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, (2) there are no outstanding issues that must be resolved before a disability determination can be made and further administrative proceedings would serve no useful purpose, and (3) when considering the record as a whole and crediting the improperly discounted testimony as true, there is no doubt as to disability. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). However, even if all three criteria are met, the decision to remand for an award of benefits or remand for further proceedings is within the district court's discretion. *Id.*

The first step of the credit-as-true rule is met, as discussed above. The next

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

question is whether there are any outstanding issues which must be resolved by the ALJ.

Regarding physical limitations, Dr. Platter indicated that Mr. L. reported using a cane but nonetheless found him capable of light work. Tr. 98-99. However, the Vocational Expert testified that the use of a cane limited Mr. L. to sedentary work. Tr 85-86. Dr. Zhou assessed that Mr. L.'s x-rays were out of proportion with the pain alleged, and some examinations showed normal range of motion. *See* Tr. 361; 389; 652; 661. This conflicting evidence regarding Mr. L.'s functional capacity requires further evaluation to determine whether he can perform light work or is limited to sedentary work.

As to mental limitations, Dr. Borton assessed that Mr. L.'s Mental Status Exams (MSEs) were "largely unremarkable." Tr. 27, 100, and Dr. Holman assessed only mild limitations. Tr. 524. Dr. Holman and Dr. Bauman assessed that he would miss one day of work a month due to his mental health conditions, and Dr. Jamora assessed marked limitations in a variety of tasks. Again, this creates a conflict in the record necessitating additional proceedings.

The ALJ's decision is not supported by substantial evidence. There are ambiguities and conflicting evidence in the record making remand for benefits inappropriate. The case should thus be remanded for further proceedings. On remand, the ALJ shall address the errors set forth herein, reconsider the evidence,

develop the record as needed, conduct a new sequential evaluation, and issue a new decision.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 9**, is **GRANTED** in part and **DENIED** in part. It is granted in part regarding Plaintiff's request to remand the action for further proceedings. It is denied in part regarding Plaintiff's request that the Court reverse the findings of the Commissioner and award benefits.

2. Defendant's Brief Requesting Remand, **ECF No. 15**, is **GRANTED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** January 16, 2026.

REBECCA L. PENNELL
United States District Judge

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10